UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MATTHEW JOHNSON,

    Plaintiff,

v.

WEXFORD HEALTH SOURCES, INC.,

    Defendant.

Case No. 3:17-cv-00387-JPG-SCW

## MEMORANDUM & ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

This matter comes before the Court on defendant Wexford Health Sources, Inc.'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 22.) Plaintiff Matthew Johnson has filed a response to the motion. (Doc. 26.) Wexford has filed a reply (Doc. 27) and the issues are now fully briefed before the Court.

**I.    BACKGROUND**

Matthew Johnson is a correctional officer with the Illinois Department of Corrections (IDOC). Before Johnson could begin his employment, IDOC required him to submit to a comprehensive medical exam performed by the medical examiner at Shawnee Correctional Center: Dr. Alfonso David. This exam included routine tests such as a blood count, height and weight measurements, a tuberculosis screening, and more. But Johnson alleges that Dr. David went beyond the scope of the examination when he pulled down Johnson's pants and examined Johnson's genitals for "two to five minutes". (Compl. ¶ 3–9.) Now, Johnson has brought a *pro se* two-count complaint against Dr. David's employer—Wexford Health Sources, Inc.—that alleges (1) a violation of the Illinois Gender Violence Act (IGVA), and (2) a claim that Wexford is liable for Dr. David's conduct under a theory of respondeat superior. (Compl. ¶ 12–22.)

1

This litigation is not new to this district. In fact, Magistrate Judge Stephen C. Williams is currently presiding over a lawsuit by Johnson on the exact same set of facts. *See Johnson v. David*, No. 3:12-cv-01038-SCW (S.D. Ill. filed Sep. 27, 2012). In that case, Johnson originally brought an IGVA claim in 2012 against Dr. David in state court, which Dr. David removed to this district. (No. 3:12-cv-01038-SCW, Doc. 2.) In 2014, Johnson voluntarily dismissed his claim without prejudice, but Magistrate Judge Williams instructed that any re-filed complaint must be filed under the same case number and that no duplicative discovery may occur. (*Id.* at Doc. 61.) A year later in 2015, Johnson re-filed his IGVA claim against Dr. David under the same case number and added Wexford as an additional defendant. (*Id.* at Doc. 62.) Magistrate Judge Williams, however, dismissed Wexford *sua sponte* because the new complaint did not state a cause of action against them. (*Id.* at Doc. 67.)

In 2017, Johnson—through counsel—filed a motion in the same case for leave to file a third-amended complaint that would add properly Wexford as a defendant. (*Id.* at Doc. 113.) Magistrate Judge Williams denied the motion (*Id.* at Doc. 114.) Johnson filed a motion for reconsideration on the matter, which Magistrate Judge Williams again denied. (*Id.* at Docs. 116, 117.) Magistrate Judge Williams explained that if he allowed Johnson to add Wexford as a defendant this late in the litigation, Wexford would "undoubtedly be prejudiced by being added to the case years after being dismissed." (*Id.* at Doc. 117.) He also explained that the case would have to start from scratch because the Court would need to give Wexford a full opportunity to conduct discovery. (*Id.*) Moreover, Magistrate Judge Williams articulated that Johnson "had counsel in this case before it was voluntarily dismissed that could have, and should have, identified any meritorious claims at that time." (*Id.*)

Rather than complying with Magistrate Judge Williams's orders, Johnson has filed a separate, *pro se* complaint against Wexford in this Court. Now, Wexford thrown the proverbial kitchen sink at Johnson in their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). They argue: (1) this case is duplicative of the case in front of Magistrate Judge Williams; (2) res judicata bars the new complaint; (3) this case should be defined as impermissible claim-splitting; (4) the IGVA does not provide a cause of action against corporations; (5) the complaint fails to state a direct claim against Wexford under the IGVA; (6) corporations cannot be held liable under a theory of respondeat superior for sexual assaults committed by their employees; and (7) Johnson's claims are barred by the statute of limitations.

## II.  LEGAL STANDARDS

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This requirement is satisfied if the complaint: (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim

for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

III. ANALYSIS

Federal courts are institutions of limited resources. Generally, a federal district court may dismiss a suit "for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). District courts have "a great deal of latitude and discretion" when determining whether a suit is duplicative, but the core inquiry is whether the "claims, parties, and available relief do not significantly differ between the two actions." *Id.* (citing *Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F.Supp. 1210, 1213 (N.D. Ill. 1983). Before the Court finds a case to be duplicative, "the district judge should consider any special factors counseling for or against the exercise of jurisdiction in the case before him." *Id.* at 224 (citing *Calvert Fire Insurance Co. v. American Mutual Reinsurance Co.*, 600 F.2d 1228, 1234 (7th Cir.1979)).

In *Serlin*—the definitive Seventh Circuit case on duplicity—the plaintiff filed an employment discrimination claim against Arthur Andersen & Co. Arthur Anderson moved to dismiss the complaint under Federal Rule of Civil Procedure 4(j) for failure to serve within the requisite time limits, but the fully briefed motion remained pending on the docket for months. *Id.* at 223. The plaintiff eventually realized that if the judge presiding over the matter dismissed the case without prejudice, the statute of limitations would bar the plaintiff from refiling in the future. To avoid that possibility, the plaintiff filed a second complaint in the same district— which was assigned to a new judge—while the fully briefed motion to dismiss was still pending in front of the original judge. The court dismissed the second complaint for being duplicative of

the first and the Seventh Circuit affirmed, explaining that "there are no significant differences between the claims, parties, and available relief in the two suits . . . ." *Id.* at 224. The plaintiff argued that there was a special factor in his case pursuant to *Calvert Fire Insurance Co.*—his concerns regarding the statute of limitations and the pending motion to dismiss—but the Seventh Circuit found this to be without merit, considering it was the plaintiff's own error that he did not follow Rule 4(j) in the first instance—leading to the motion to dismiss. *Id.*

This case is nearly identical to *Serlin*. Here, Johnson brought an IGVA claim against Dr. David in 2012. He later added Wexford as a defendant, but then dismissed his own case in 2014. He then filed another complaint under the same case number in 2015—against Dr. David and Wexford—but the court dismissed Wexford because the complaint did not contain any allegations against them. In 2017, Johnson—through counsel—asked for leave to file yet another complaint in order to properly add Wexford, but the court denied his motion. Johnson moved for reconsideration, but the court again denied this motion on very reasonable grounds: avoiding severe prejudice to Wexford; an unwillingness to restart the entire discovery process from scratch; and because Johnson's prior counsel should have identified valid claims against Wexford years ago in the proceedings.

Rather than comply with Magistrate Judge Williams's order, Johnson has attempted to circumvent him by filing this separate *pro se* action against Wexford. But, as in *Serlin*, the case is duplicative. First, the parties are the same: Johnson is the plaintiff in both cases, and Wexford was a defendant in the earlier case before Johnson voluntarily dismissed them. Second, the claims are substantially the same: Count I is the same IGVA claim as asserted against Dr. David in the parallel litigation, and Count II is a theory of respondeat superior which—although it does not appear in the parallel litigation—relies on the exact same operative set of facts: whether Dr.

5

David sexually assaulted Johnson in the examination room. Allowing Johnson to litigate two suits in the same district over the same set of facts is nonsensical. Finally, the relief sought is the same: compensatory and punitive damages, rather than any type of specially-crafted remedy against Wexford.

Moreover, there are no special factors counseling for the exercise of jurisdiction in this case. As in *Serlin*, it is Johnson's own fault that Wexford is not a defendant in the parallel case. Johnson began this litigation in 2012. He had years to add Wexford as a defendant—and he did at one point in 2015—but failed to state a cause of action against them. Finally, Magistrate Judge Williams closed the door on this issue in 2017 when Johnson moved to file a third-amended complaint. There is no reason why this Court should cast aside the duplicity analysis and give Johnson yet another chance after repeated failures.

Because the Court finds the issue of duplicity to be dispositive, it declines to reach the merits of Wexford's other arguments.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Wexford's motion to dismiss. (Doc. 22.) The Court **DISMISSES** this action without prejudice and **DIRECTS** the Clerk to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: DECEMBER 12, 2017**

s/ *J. Phil Gilbert*
J. PHIL GILBERT
DISTRICT JUDGE